# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **SARTELL GROUP, INC.**, <br> **PAM SARTELL**, <br> **FOREST SARTELL**, and <br> **THE SARTELL GROUP 401(k) PLAN**, <br><br> Defendants. | Case No. 20-cv-1088 (SRN/KMM) |

## CONSENT ORDER AND JUDGMENT

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor ("Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, filed a complaint against Defendants Pam Sartell, Forest Sartell, and Sartell Group, Inc. (Sartell Group) (collectively, "Defendants"), alleging breaches of their fiduciary responsibilities under ERISA §§ 403, 404, and 406, with respect to the Sartell Group 401(k) Plan (the "Plan").[1]

Defendants Pam Sartell, Forest Sartell, Sartell Group, and the Plan waived service of process of the complaint and admitted to the jurisdiction of this Court over them and the subject matter of this action.

Defendants Pam Sartell, Forest Sartell, Sartell Group affirm and represent they restored $27,135.26 to the Plan after this litigation was initiated. These monies represent

---

[1] The Plan is named as a defendant herein pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief can be granted.

1

delinquent and untimely employee contributions and loan repayments, and lost opportunity costs thereon restored to Plan participants' accounts.  Defendants Pam Sartell, Forest Sartell, Sartell Group provided the Secretary with satisfactory proof of these restorations to the Plan and the allocations to the Plan's participants.

The Secretary and Defendants have agreed to resolve all matters in controversy in this action between them including the penalty pursuant to ERISA § 502(*l*), 29 U.S.C. § 1132(*l*), and any proceedings related thereto, and said parties do now consent to entry of a Consent Order and Judgment by this Court in accordance therewith.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds it has jurisdiction to enter this Consent Order and Judgment.

**IT IS THEREFORE ORDERED**, **ADJUDICATED**, and **DECREED** that:

1. Defendants Pam Sartell, Forest Sartell and the Sartell Group are jointly and severally liable to the Plan in the amount of $13,193.88 as a result of their breaches of fiduciary duty under ERISA.

2. Upon execution of this agreement, Defendants Pam Sartell, Forest Sartell, and Sartell Group shall restore $13,193.88 to the Plan.  This Plan restoration represents all the outstanding delinquent and untimely employee contributions and loan repayments owed to the Plan participants' during the period of January 1, 2014 through at least August 28, 2020 plus lost opportunity costs.

3. Once the restoration funds, paid pursuant to paragraph 2 above, are received by Empower Retirement, the Plan's asset custodian, the Defendants shall direct Empower Retirement to credit the restoration monies to the individual investment

accounts of the Plan participants, who: (1) were employees of Sartell Group; (2) Plan participants during the period January 1, 2014 through at least December 31, 2018; (3) had voluntary employee contributions or loan repayments withheld from their pay for contribution to the Plan during this period and such contributions or repayments were either not remitted or remitted untimely to the Plan; and (4) who have not received a distribution of their full vested account balance as of the date of the entry of this Consent Order and Judgment. The Defendants shall ensure the $13,193.88 is allocated to the individual investment accounts of the Plan's participants in an amount equal to unremitted employee contributions and loan repayments owed to each Plan's participant. The lost opportunity cost amount allocated to each Plan participant shall be based on the percentage of the amount due for unremitted and untimely remitted employee contributions and loan repayments.

4. Defendants Pam Sartell, Forest Sartell, Sartell Group shall provide satisfactory proof of the payments described in Paragraph 2 above to the EBSA Regional Director Jim Purcell, 2300 Main Street, Suite 1100, Kansas City, MO 64108-2415 ("EBSA Regional Director") within 10 calendar days following restoration of the amounts referenced herein.

5. Defendants Pam Sartell, Forest Sartell, Sartell Group shall provide satisfactory proof of the allocations described in Paragraph 3 above to the EBSA Regional Director Jim Purcell at the address referenced above within 30 calendar days following payment.

6. Upon restoration of the amount in paragraph 2 above, the Secretary shall

assess a total penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), of $8,065.83[2] on the Defendants. Pursuant to 502(l)(2)(A), 29 U.S.C. § 1132(l)(3)(A), Defendants may seek a good faith waiver or economic hardship waiver of the penalty as follows:

    a.    Defendants shall provide information in support of a good faith waiver or economic hardship waiver of the full amount assessed as a 502(l) Penalty or a portion thereof to the EBSA Regional Director within 30 days of payment of the amount in paragraph 2 of this Consent Order and Judgment.

    b.    The Secretary shall evaluate the information provided by Defendants and make a written determination as to whether the good faith waiver or economic hardship waiver applies (to the full amount assessed as a 502(l) Penalty or a portion thereof) within 30 days of receiving the information identified in paragraph 6(a) above.

    c.    If, as a result of the Secretary's determination identified in paragraph 6(b) above, he finds the information provided supports a good faith waiver or economic waiver but only agrees to reduce the originally assessed 502(l) penalty identified in paragraph 6 above, the Secretary shall accept the reduced amount as full satisfaction of the total assessed penalty identified in paragraph 6 above.

    d.    Defendants waive their full rights to a separate notice of assessment

---

[2] The Secretary's 502(l) penalty assessment is based on an "applicable recovery amount "of $40,329.14, which includes all restorations made after the initiation of litigation and pursuant to this Consent Order and Judgment.

4

    of the penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), the service requirement of 29 C.F.R. § 2570.83, and their right to seek any further reductions of or relief from the penalty under ERISA § 502(l), 29 U.S.C. § 1132(l).

  e. If the Secretary does not find the information provided pursuant to paragraph 6(a) above supports a good faith waiver or an economic hardship waiver of the entire 502(l) Penalty or a portion thereof, Defendants shall pay the 502(l) Penalty or the identified portion thereof within 30 days of the Secretary's determination identified in paragraph 6(b) above.  Defendants shall pay the penalty under ERISA § 502(l), 29 U.S.C. § 1132(l) by sending a certified or cashier's check to:

> U.S. Department of Labor
> ERISA Civil Penalty
> P.O. Box 71360
> Philadelphia, PA 19176-1360.

  f. The certified or cashier's check referenced in this paragraph shall be made payable to the "United States Department of Labor" and will reference EBSA Case No. 60-108111 (48).

7. Defendants Pam Sartell, Forest Sartell, Sartell Group are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. § 1001 *et seq*.

8. Defendant Pam Sartell shall complete no less than eight (8) hours of education and training in the duties and responsibilities of fiduciaries to ERISA-covered

5

plans. The education and training materials shall be prepared, provided, or approved by a nationally recognized authority or organization involved in fiduciary training. The training shall be completed no later than one hundred and twenty (120) calendar days after the entry of the Consent Order and Judgment. Defendants shall provide the EBSA Regional Director with proof t this education has been completed by sending such proof to the address described in Paragraph 4 above.

9. Defendant Forest Sartell shall be permanently enjoined from serving or acting as a fiduciary or service provider with respect to employee benefit plans subject to ERISA, except to the extent necessary for Defendants Forest Sartell to restore losses owed to the Plan participants pursuant to this Consent Order and Judgment and, if applicable, the Plan's termination.

10. Each party agrees to bear his, her, or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

11. The Court shall retain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

12. Nothing in this Order is binding on any government agency other than the United States Department of Labor.

DATED: October 27, 2020

s/Susan Richard Nelson
**SUSAN RICHARD NELSON**
UNITED STATES DISTRICT JUDGE

The parties hereby consent to the entry of this Consent Order and Judgment:

**FOR THE SECRETARY OF LABOR:**

**KATE O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/ Mark H. Ishu                                             DATED: 10/23/2020
**MARK HENRY ISHU**
Trial Attorney
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St. Rm 844
Chicago, IL 60604
312-353-6972
Ishu.Mark.H@dol.gov

**FOR THE DEFENDANTS:**

 s/ Pamela J. Sartell                                       DATED: 10/16/2020
**PAM SARTELL**

s/ Forest Sartell                                           DATED: 10/16/2020
**FOREST SARTELL**

s/ Pamela J. Sartell                                        DATED: 10/16/2020
**THE SARTELL GROUP**

**By: Pamela J. Sartell**

**Its: President**

**APPROVED AS TO FORM:**

s/ V. John Ella                                        DATED: 10/16/2020
**JOHN ELLA**
Attorney


s/ Nathan R. Snyder                                    DATED: 10/16/2020
**NATHAN R. SNYDER**
Attorney


jella@trepanierlaw.com
nsnyder@trepanierlaw.com
8000 Flour Exchange Building
310 Fourth Avenue South Minneapolis, MN 55415
Phone: 612.455.0500
Fax: 612.455.0501
www.trepanierlaw.com